DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gene Perenkovich, | ) | |
| | ) | CASE NO. 1:06CV2132 |
| Petitioner-Defendant | ) | CASE NO. 1:00CR0257 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| United States of America | ) | (Resolving Doc. No. 1) |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

## I. INTRODUCTION

Before the Court is Petitioner-Defendant's pro se petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Section 2255. For the following reasons, the petition is denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2000, Petitioner plead guilty to a conspiracy to possess and distribute at least 200 grams but less than 300 grams of cocaine in violation of 21 U.S.C. Section 846. By statute, the penalty for a Section 846 violation is the same penalty as prescribed for the offense which formed the basis for the conspiracy, which in this case was 21 U.S.C. Section 841, possession with the intent to distribute and distribution of cocaine. The Court sentenced Petitioner to 37 months in prison, a term of incarceration which Petitioner completed on August 14, 2003.

As part of the original sentence, the Court also sentenced Petitioner to six years of supervised release. Pursuant to the statute, for any term of imprisonment order by the Court, the Court "shall. . . impose a term of supervised release of at least six years in addition to such term

(1:06CV2132)

of imprisonment." 21 U.S.C. 841. On August 16, 2004, slightly more than one year after he was released and during Petitioner's period of supervised release, federal probation filed with the Court a violation report alleging four violations. The Court referred the matter to Magistrate Judge Limbert. Petitioner, through counsel, stipulated to three of the alleged violations. Magistrate Judge Limbert, based on the stipulation, issued a Report and Recommendation that this Court find Petitioner guilty of violating the terms of supervised release. See Docket No. 916 in Case No. 1:00CR257. No objections were filed to the Report and Recommendation.

On July 25, 2005, the Court accepted the Magistrate Judge's recommendation, found Petitioner guilty of violating the terms of supervised release and sentenced Petitioner to 18 months in prison. See Docket No. 919 in Case No.1:00CR 257. According to this sentence, Petitioner was due to be released in January 2007.

On September 5 2006, Petitioner filed the instant motion seeking to vacate, set aside or correct his sentence. Pursuant to leave of Court, the Government filed its response to the Motion on November 30, 2006.

### III. DISCUSSION

In support of his petition to correct his sentence, Petitioner alleges as his first ground the denial of the effective assistance of counsel at the first time of sentencing. He states as the basis for that claim:

> My lawyer did not file any notice of appeal for me and failed to challenge the fact that I was given multiple terms of imprisonment on a single conviction. I was given an additional term of imprisonment in the form of supervised release that is not mandated, nor required by statute to which I pleaded guilty. The terms of imprisonment have been imposed on me in violation of the Constitution and laws of the United States. Furthermore, the Court has no jurisdiction to impose

(1:06CV2132)

> multiple terms of imprisonment for an "unlawful act" and the judgment is in violation thereof.

Motion to Vacate, Set Aside or Correct Sentence, Docket No. 1, at 4.

Petitioner also alleges, as a second ground, that Counsel was ineffective for not objecting to his sentencing for the violation of supervised release, again because supervised release was not permitted under the statute for which he was being sentenced.

The Government opposes the motion, arguing that the term of supervised release was required by the statute, 21 U.S.C. 841, and that the Court did not err in sentencing Petitioner to an additional term of 18 months for violating the terms of his supervised release. See Docket No. 6, at 3-4.

When considering an ineffective assistance of counsel claim, under the teachings of Strickland v. Washington, 466 U.S. 668, 687 (1984), the petitioner must show that he was denied effective assistance of counsel and that the denial negatively affected the outcome of the case. As the Supreme Court stated in Strickland:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. at 687.

Upon examination of the motion and record in this case, the Court concludes that

3

(1:06CV2132)

Petitioner was not denied the effective assistance of counsel. In this case, supervised release of at lease six years was required by the statute. Petitioner makes no showing that an appeal would have led to any different result. Furthermore, Petitioner does not challenge the basis upon which he was found to have violated the terms of his supervised release or attacked the sentence as being contrary to law. For the reasons stated, the petition is denied.

Finally, the Court finds that the records of this case conclusively demonstrate that the prisoner is entitled to no relief, and therefore, the Court denies the motion filed by the petitioner without conducting a hearing pursuant to the procedures established in 28 U.S.C. Section 2255.

### IV. CONCLUSION

For the foregoing reasons, Defendant/Petitioner's petition for relief pursuant to 28 U.S.C. Section 2255 is denied.

The Court further finds no basis for a certificate of appealability and will not issue a certificate of appealability.

IT IS SO ORDERED.

Date: April 5, 2007        */s/ David D. Dowd, Jr.*
                           David D. Dowd, Jr.
                           U.S. District Judge